UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| IRMGARD RAMNATH | ) | |
| --- | --- | --- |
| | ) | |
| *Plaintiff* | ) | |
| vs. | ) | Case No.: 3:17-CV-554 RLM |
| | ) | |
| BIOMET, INC., *et al.*, | ) | |
| | ) | |
| *Defendants* | ) | |

OPINION AND ORDER

Irmgard Ramnath sued Biomet for damages in connection with the alleged failure of his Biomet Magnum hip implant. Biomet moved for summary judgment, arguing that her claims are time-barred under the applicable statutes of limitation. For the following reasons, Biomet's motion is granted.

Summary judgment is appropriate when the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact, such that the movant is entitled to judgment as a matter of law. Protective Life Ins. Co. v. Hansen, 632 F.3d 388, 391-392 (7th Cir. 2011). I must construe the evidence and all inferences that reasonably can be drawn from the evidence in the light most favorable to Ms. Ramnath, as the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). As the moving party, Biomet bears the burden of informing me of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If Biomet meets that burden, Ms. Ramnath can't rest upon the allegations in the pleadings, but must "point to evidence that

can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in his favor." Marr v. Bank of Am., N,A., 662 F.3d 963, 966 (7th Cir. 2011).

Ms. Ramnath was implanted with a Biomet Magnum metal-on-metal hip implant in Ohio in 2009. She began experiencing pain in her hip before February 2014, was diagnosed with metallosis on April 15, 2014, and was notified by her physician that revision surgery was needed because of extremely high metal levels and the possibility of death due to blood poisoning. Ms. Ramnath's physician told her that her Biomet implant caused the metallosis. She underwent revision surgery on July 16, 2014 in Phoenix, Arizona.

Ms. Ramnath first considered contacting an attorney in December 2014, when her daughter called an attorney on her behalf. She saw attorney advertising regarding lawsuits against Biomet relating to its metal-on-metal hip implants in December 2014, and decided to contact an attorney. Ms. Ramnath called a number from the advertisement, but received no response. She contacted her family attorney, but he said he couldn't help, and Ms. Ramnath didn't contact another attorney until December 2016. Ms. Ramnath filed her complaint on July 14,2017, alleging strict product liability, negligence, breach of express and implied warranties, and violation of the Arizona Consumer Protection Act.

When a case is filed directly in the MDL transferee court, as this case was, the court applies the law, including choice-of-law rules, of the state where the case

originated. *See* In re Watson Fentanyl Patch Prods. Liability Litig., 977 F. Supp. 2d 885, 888 (N.D. Ill. 2013). It's "appropriate to treat a foreign direct-filed case as if it had been filed in the state where the plaintiff purchased and was prescribed the subject [product]." Id. (internal quotations omitted). The Magnum was prescribed, purchased, and implanted in Ohio, so Ohio choice-of-law rules apply. Ms. Ramnath notes that Biomet agreed in its answer to her complaint that venue was proper in the United States District Court for the District of Arizona, but venue is no more than a part (if that) in the choice of laws analysis. Under those rules, "[a]n action will be maintained if it is not barred by the statute of limitations of the forum, even though it would be barred by the statute of limitations of another state." Cole v. Mileti, 133 F.3d 433, 437 (6th Cir. 1998) (quoting Restatement (Second) of Conflicts of Laws § 142(2) (1971 ed.)) Ohio accordingly applies its own limitations rules, regardless of what substantive law applied to a claim, *see* Dudek v. Thomas & Thomas Attys. & Counselors at Law, LLC, 702 F.Supp.2d 826, 834 (N.D. Ohio 2010), as will I.

The statute of limitations for product liability cases in Ohio is two years. Ohio Rev. Code Ann. § 2305.10(A). In the case of "ethical medical devices" – prescription medical devices regulated by the FDA – or exposure to chromium, a claim accrues "upon the date on which the plaintiff is informed by competent medical authority that [he] has an injury that is related to the exposure, or upon the date on which by the exercise of reasonable diligence the plaintiff should have

3

known that [he] has an injury that is related to the exposure, whichever date occurs first." Ohio Rev. Code Ann. §§ 2305.10(B)(1)-(2), 2307.71(A)(5).

Biomet maintains that Ms. Ramnath's claims are time barred because they accrued no later than April 15, 2014, when her physician diagnosed her condition and told her that revision surgery was necessary due to extremely high metal levels and the possibility of death due to blood poisoning and that her Biomet implant caused the metallosis, and she didn't file her complaint until July 18, 2017.

Ms. Ramnath concedes that the earliest accrual date is April 15, 2014, but says the statute should be tolled because she didn't know there was a time limit for filing a lawsuit that was triggered by the events on April 15, and she couldn't find an attorney willing to pursue her claim. But she provides no authority to support a tolling argument based on ignorance of the statute of limitations. Ohio courts recognize the doctrine of equitable tolling of the statute of limitations period if a defendant has wrongly prevented a plaintiff from filing a timely complaint, *see, e.g.*, McCualsky v. Appalachian Behavioral Healthcare, 100 N.E.3d 1049, 1055 (Ohio Ct. App. 2017), but Ms. Ramnath doesn't contend that Biomet had anything to do with lawyers she contacted refusing to take her case.

The statute of limitations on Ms. Ramneth's product liability claims and related negligence and breach of warranty claims, which are subject to the same

4

two-year statute of limitations, *see* Ohio Rev. Code Ann. §§ 2305.10(A), (F)(2) and 2307.71(A)(13), began to run on April 15, 2014 and so they bar her claims.

Biomet contends that Ms. Ramnath's claim under the Arizona Consumer Protection Act must be dismissed because the Act requires intrastate acts, *see* State ex rel. Corbin v. Goodrich, 726 P.2d 215, 221 (Ariz. App. 1986) ("The Consumer Fraud Act applies to acts committed within Arizona in violation of its provisions."), and there is no evidence to suggest that Biomet committed any acts in Arizona with respect to her implant. Ms. Ramnath doesn't dispute that argument in her response, or identify any genuine issues of material fact that would preclude the entry of summary judgment in Biomet's favor on that claim.

For the foregoing reasons, the court GRANTS Biomet's motion for summary judgment [Doc. No. 27] is GRANTED.

SO ORDERED.

ENTERED:   December 14, 2018

/s/ Robert L. Miller, Jr.
Judge, United States District Court